(58 Misc. Rep. 490.)

In re DEVOE.

(Surrogate's Court, Kings County.    March, 1908.)

1. EXECUTORS AND ADMINISTRATORS—CLAIMS AGAINST ESTATE—EVIDENCE.

An executor on a settlement of an account made a claim for compensation for personal services to testatrix, his aunt. The services were rendered during the last six years of her life, and were not of the kind he was accustomed to perform in his regular business, and did not require special skill. *Held*, that where no promise to pay was proved, and no payment made on account thereof, a promise to pay will not be implied.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, §§ 732, 733.]

2. SAME.

That testatrix expressed an intent to remember her nephew in her will is insufficient to show a contract on her part to compensate him for services rendered during her lifetime.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, § 733.]

In the matter of the settlement of the accounts of Joseph Devoe, executor of Sarah E. Manning.   Decree rendered.

Frank P. Martin, for executor and claimant, Joseph H. Devoe.
K. C. & M. V. McDonald, for contestants Ann M. Connor and Emily C. Bogert.
J. S. & S. M. Wood, for contestant Walter H. Manning, 2d.

KETCHAM, S.   Upon the final settlement of the executor's accounts there remain, in addition to questions disposed of upon the trial, those hereinafter considered:

The executor's claim of $3,000 for personal services rendered to the testatrix during the last six years of her life is disallowed. The evidence in support of this claim does not measure up to the severe standards which the law justly imposes for the protection of estates against claims deferred during the lifetime of decedents. Claims of this character can be established only upon proof of a contract, express or implied, for compensation in the ordinary form of payment, or upon proof that the services were rendered under a contract that they should be recompensed by a testamentary provision and a breach by the decedent of such contract. The theory of an express contract is excluded by the proof; and there is no evidence to justify a finding of an implied promise to pay in the ordinary way. No presumption arises that the services were gratuitous from the mere fact that the executor was the nephew of the decedent; but there is much in the nature of the services to indicate that they were rendered rather in the hope of inviting or confirming a testamentary provision in favor of the nephew than upon any contract for specific compensation. The services were not of the sort which the executor in the course of his regular business was accustomed to perform; and there is nothing to show that the services required, or that the nephew was competent to supply, any special skill or experience. Where the claim is for serv-

ices of the sort from which the claimant has been accustomed to make his livelihood, there may be some presumption that they were rendered upon a promise for regular compensation; but, where a person closely related, either by kinship or otherwise, has given attention to the affairs of a decedent and his services are of a kind which it is not his ordinary business to render and which might well be rendered gratuitously by one so situated, the reasonable conclusion is that the services were performed without contract for their direct payment. These services were continued for six years, and it is shown that during that time no payment was ever made by the testatrix upon their account. This is a fact significantly tending to indicate the absence of any contract for compensation in the usual form.

The evidence also fails entirely to establish any contract between the parties that the nephew should be recompensed for any services by a provision in the will of the testatrix. That the testatrix from time to time made declaration of her intention to remember her nephew in her will does not rise to the dignity of a contract that she would make a will in any part in his favor, and confirms the belief that the services were rendered, not in pursuance of a contract for their payment, either in the ordinary form or by will, but rather that the executor gave his attention to the affairs of the testatrix in the mere hope that his assiduity in her behalf would lead to a will in his favor, or would tend to uphold her in such intention. Of course, if the services were rendered in the mere expectancy of a testamentary remembrance, any contract for express compensation would be excluded.

The claim of Norman L. McGill, as administrator of Elizabeth McGill, for services to the testatrix, is disallowed. No adequate proof is afforded that these services were rendered for compensation, or that, if any claim was made therefor, it was taken out of the statute of limitations by any payment on account. If services were performed for a period beginning in June, 1898, and ending with the death of the testatrix, it is inconceivable that such services, rendered in the nursing of the testatrix and in the care of her household affairs, were given without substantial payment or a demand for compensation. It is extremely unlikely that a nurse, housekeeper, and household servant would continue such services during the period named without compensation, if they were rendered under an ordinary contract. The executor should be charged with the difference between the amount of cash which he received for the Staten Island lots and their value. The lots are found to have been worth $1,500. The amount accounted for upon the account of their sale is $625; and the charge against the executor should be $875. This determination is based upon the conclusion that in the transfer of these lots to his son-in-law for $625 the executor failed in his duty to the estate, and that the proof indicates that he continued an interest in the lots in his own behalf and not in the interest of his trust.

The contention that the executor is to be charged with $200 upon the sale of the Sutter avenue property is not sustained. The evidence shows that he accounted for all that was received by him upon such sale.

Upon the settlement of the findings, counsel will be heard further upon the question whether or not the executor is entitled to the provision in the sixteenth paragraph of the will in his favor.

Let findings and decree be submitted accordingly.   Decreed accordingly.